Guzmán, Recurrente, *v.* El Registrador de la Propiedad, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de una hipoteca subsidiaria.

No. 205—Resuelto en diciembre 4, 1914.

Hipoteca Subsidiaria—Su no Prohibición por la Ley Hipotecaria.—Los artículos 121 de la Ley Hipotecaria, 166 de su reglamento y 1ª. de la ley relativa a las sentencias y manera de satisfacerlas, de marzo 9, 1905, no prohiben la constitución de una hipoteca subsidiaria sobre fincas distintas de la hipotecada para el caso de que ésta no cubriere el importe total de la hipoteca.

Id.—Causa Ilícita de un Contrato—Libertad de Contratación.—La constitución de una hipoteca subsidiaria sobre fincas distintas de la hipotecada para el caso de que ésta no cubriere el importe total de la hipoteca no descansa en una causa ilícita a los efectos del artículo 1242 del Código Civil,

pues no es opuesta a las leyes ni a la moral, y siendo ello así, no cabe limitar el principio de libre contratación coartando el derecho que asiste a un acreedor para asegurar sus intereses del modo que mejor le plazca.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco González.*

El Registrador Sr. Miguel Planellas compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública No. 268 otorgada en la ciudad de Humacao a 22 de diciembre de 1913 por ante el Notario Francisco González Fagundo, Fernándo López y su esposa Rafaela Rodríguez confesaron adeudar a Julio D. Guzmán Toro la cantidad de $800 que habían recibido de éste en calidad de préstamo y que se obligaron a satisfacer dentro del término de un año con el interés del 1 por ciento mensual, a pagar por meses vencidos; y para garantizar el pago de la suma prestada, sus intereses, y $200 más para gastos, desembolsos, y honorarios del abogado del acreedor en caso de ejecución hipotecaria, los deudores hipotecaron una finca urbana letra *a,* y subsidiariamente tres fincas rústicas letras *b, c* y *d* que se describen en dicha escritura, fijándose la responsabilidad de las cuatro fincas en la cláusula 2ª. redactada en los términos que transcribimos a continuación:

"*Segundo.*—Los contratantes convienen, que la finca urbana con su solar, responda de los ochocientos dollars del préstamo, noventa y seis dollars para intereses y doscientos dollars para costas, desembolsos y honorarios del abogado del acreedor en caso de ejecución; y las fincas rústicas descritas con las letras 'b', 'c' y 'd', respondan asimismo de las mismas sumas como garantía colateral y para el caso de que la finca urbana no cubriere el importe de la hipoteca, sus intereses y costas, repartiéndose esta responsabilidad entre las mismas como sigue: la finca descrita con la letra 'b' responderá de doscientos dollars para costas y noventa y seis dollars de los intereses y cada una de las otras dos, de cuatrocientos dollars del préstamo."

Presentado dicho documento en el Registro de la Propiedad de Humacao para su inscripción en cuanto a la hipo-

teca constituída sobre las fincas rústicas, el registrador denegó la inscripción por medio de la siguiente nota:

"Presentado de nuevo este documento para inscribir sólo en cuanto a la hipoteca constituída subsidiariamente o como garantía colateral sobre las fincas rústicas descritas bajo las letras 'b', 'c' y 'd', ha sido denegada su inscripción, por entender que dicho contrato es uno de los que de acuerdo con el artículo 1242, del Código Civil, no surte efecto por lo ilícito de su causa, y se ha tomado anotación por 120 días de acuerdo con la ley, de dicha denegatoria, en los tomos 8, 9 y 15 de Las Piedras, a los folios 103-57 vuelto, y 150 vuelto, fincas números 448, 399 y 176 duplicado, anotaciones letras A, respectivamente. Humacao 24 de septiembre de 1914. Miguel Planellas, Registrador de la Propiedad."

La anterior nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto en término legal.

El artículo 1242 del Código Civil que sirve de fundamento a la nota recurrida, dice así:

"Artículo 1242.—Los contratos sin causa o con causa ilícita no producen efecto alguno. Es ilícita la causa cuando se opone a las leyes o a la moral."

Aunque el registrador en su nota no explica por qué sea ilícita la causa del contrato de que se trata, lo hace en su alegato escrito al afirmar que así como el deudor para responder de una obligación garantida con hipoteca sobre varias fincas, no puede consentir en que la hipoteca pese toda sobre cada una de las fincas sobre las cuales está constituída, según resolución de esta Corte Suprema en el caso de *Ortiz* v. *El Registrador,* 16 D. P. R., 676, tampoco hipotecada una finca, cabe hipotecar otras subsidiariamente para seguridad del mismo crédito, invocando, además en defensa de su nota los artículos 124 de la Ley Hipotecaria, 166 del reglamento para su ejecución, y el artículo 1º. de la ley de 9 de marzo de 1905, relativa a las sentencias y manera de satisfacerlas.

El caso decidido en la resolución invocada por el regis-

trador no guarda analogía con el presente, pues en aquél se denegó la inscripción por constituirse la hipoteca sobre bienes diferentes afectos a una misma obligación sin que se determinara la cantidad de que cada finca debiera responder y procedía por tanto dar aplicación a los artículos 119 de la Ley Hipotecaria, y 164 de su reglamento, mientras que ahora se trata de una hipoteca principal sobre una finca urbana y otra secundaria o subsidiaria sobre tres fincas rústicas determinándose la cantidad de que cada una de esas fincas rústicas debe responder.

Los artículos 121 de la Ley Hipotecaria, 166 de su reglamento, y 1°. de la ley relativa a las sentencias y manera de satisfacerlas contienen preceptos para el caso de que la hipoteca constituída llegue a ser insuficiente para cubrir la totalidad del crédito, pero no prohiben la constitución de una hipoteca subsidiaria sobre fincas distintas de la hipotecada para el caso de que ésta no cubriere el importe total de la hipoteca.

Es verdad que los ilustrados comentaristas de la Ley Hipotecaria, Galindo y Escosura, opinan que la hipoteca subsidiaria es contraria al espíritu de la Ley Hipotecaria y hasta a la recta interpretación de sus artículos.

Nosotros no encontramos artículo alguno en dicha ley que prohiba la constitución de una hipoteca subsidiaria como la presente, y a falta de prohibición sobre el particular no estamos autorizados para limitar el principio de libre contratación coartando el derecho que asiste a un acreedor para asegurar sus intereses del modo que mejor le plazca. La hipoteca subsidiaria cuya inscripción ha sido denegada no es opuesta a las leyes ni a la moral, y por tanto no descansa en una causa ilícita.

Por las razones expuestas es de revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.